# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EVELINE J. EMMENEGGER,
             Appellant,

             v.

DEPARTMENT OF THE INTERIOR,
             Agency.

DOCKET NUMBER
SF-0432-21-0258-I-1

DATE: December 18, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Peter T. Jenkins and Kevin Bell, Silver Spring, Maryland, for the appellant.

Jeff Ruch and Paula Dinerstein, Washington, D.C., for the appellant.

Emily Bright Hays, Washington, D.C., for the agency.

Kevin Mack, Sacramento, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The agency has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which found that the appellant proved her affirmative defense of whistleblower retaliation, that the agency failed to prove by clear and convincing evidence that it would have taken the personnel

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

actions even in the absence of the appellant's protected disclosures, and that it effectively restored her to status quo ante. Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition for review and the cross petition for review. Except as expressly MODIFIED to address the alternative to the knowledge/timing test set forth in *Dorney* and to address the analysis of the *Carr* factors, we AFFIRM the initial decision.

## BACKGROUND

¶2        The appellant is a GS-12 Research Microbiologist in the Western Fisheries Research Center of the agency's U.S. Geological Survey in Seattle, Washington. Initial Appeal File (IAF), Tab 6 at 7, 10. As a Research Microbiologist, the appellant was responsible for developing research projects to improve the detection and diagnosis of fish pathogens, understand the biology of fish pathogens; develop concepts and methodologies that control pathogens to reduce losses in fish populations due to disease, and determining the critical factors involved with fish immune system as it relates to host-pathogen interactions. IAF, Tab 35 at 5. According to the agency, the appellant's position is considered a Research Grade Evaluation (RGE) Scientist position. *Id.* at 103, 123.

On October 16, 2019, the agency placed the appellant on a Notice of Unacceptable Performance and Opportunity to Demonstrate Acceptable Performance (NODAP), which served as a performance improvement plan (PIP), based on unsatisfactory performance in critical element (4) Science Communicated. *Id.* at 147, 178-82. The NODAP was in place from October 16 until November 20, 2019. *Id.* On January 29, 2020, her first-level supervisor notified the appellant that she had failed to demonstrate acceptable performance during the NODAP period and proposed her removal. IAF, Tab 36 at 350-56. After the appellant responded, *id.* at 363-91, 394-402, the deciding official removed the appellant from her position effective March 5, 2021, IAF, Tab 41 at 92-104.

¶3        On March 22, 2021, the appellant filed the instant Board appeal challenging her removal and requesting a hearing. IAF, Tab 1. The appellant alleged that her removal was the result of whistleblower retaliation. *Id.* at 7, 15. Subsequently, by letter dated April 9, 2021, the agency rescinded her removal and reinstated her to the Research Microbiologist or RGE Scientist position effective May 9, 2021.[2] IAF, Tab 6 at 10. Thereafter, the administrative judge determined that a hearing was necessary to address whether the agency returned the appellant to status quo ante and her whistleblower retaliation affirmative defense.[3] IAF, Tab 22 at 1. Following a hearing, the administrative judge issued an initial decision finding that the appellant proved her affirmative defense. IAF, Tab 112, Initial Decision (ID) at 2, 68, 72. He found that she proved disclosures (3), (10), (12), and (15) were protected disclosures under 5 U.S.C. § 2302(b)(8) and disclosure (9) was protected activity under 5 U.S.C. § 2302(b)(9). ID at 17, 29, 38, 42, 50. He also

---

[2] The agency rescinded the appellant's removal after receiving an initial decision that found the Office of Personnel Management had not approved its performance appraisal system. IAF, Tab 112, Initial Decision (ID) at 58-59; *See Laminack v. Department of the Interior,* MSPB Docket No. DA-0432-20-0177-I-1, Initial Decision at 1, 12-15 (Mar. 10, 2021).

[3] The administrative judge identified, and the parties did not dispute, that the appellant asserted that she made 17 disclosures. ID at 9 n.5; IAF, Tab 73.

found that she proved contributing factor and the agency failed to prove by clear and convincing evidence that it would have taken the same action absent the protected disclosure or activity. ID at 61-68. However, the administrative judge concluded that the agency provided her with status quo ante relief. ID at 69-72. Therefore, he did not award the appellant interim relief or back pay. ID at 72.

¶4 The agency has filed a petition for review, largely arguing that the administrative judge erred in finding that it failed to prove by clear and convincing evidence that it would have taken the personnel action absent the protected disclosure or activity. Petition for Review (PFR) File, Tab 1 at 11-23. The appellant has filed a cross petition for review, arguing in part that the administrative judge erred in finding that some of her disclosures were not protected. PFR File, Tab 3 at 20-28. The appellant has also responded to the agency's petition for review. *Id.* at 7-20. The agency has filed a response to the appellant's cross petition for review and a reply to the appellant's response to its petition for review. PFR File, Tabs 5-6.[4]

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency's petition for review presents no basis for disturbing the administrative judge's finding of reprisal for whistleblowing.</u>

¶5 The agency has shown no error in the initial decision. PFR File, Tab 1. When whistleblower retaliation claims are made in the context of an otherwise appealable action, as here, the appellant must prove by preponderant evidence that she made a protected disclosure or engaged in protected activity and that the

---

[4] The appellant has also filed a motion for leave to file a reply to the agency's response to her cross petition for review. PFR File, Tab 8. The Office of the Clerk of the Board acknowledged the appellant's motion but explained that the Board's regulations do not provide for pleadings other than a petition for review, a cross petition for review, a response to the petition for review or cross petition for review, and a reply to a response to a petition for review. PFR File, Tab 9 (citing 5 C.F.R. § 1201.114(a)(5)). It informed the appellant that the Board would decide to grant or deny her request. *Id.* at 1. We have reviewed the appellant's motion for leave to file a reply to the agency's response but are not persuaded by her argument regarding the need for the additional submission. 5 C.F.R. § 1201.114(a)(5). Accordingly, the appellant's motion is denied.

disclosure or activity was a contributing factor in the personnel action at issue. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 49. If the appellant makes this showing, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the personnel action absent the protected disclosure or activity. *Id.* If the agency fails to meet its clear and convincing evidentiary burden, the Board shall grant the appellant corrective action. 5 U.S.C. § 1221(e)(1)-(2).

¶6    The administrative judge found that the appellant presented a prima facie case of whistleblower reprisal. ID at 61-62. In particular, he first found that the appellant made protected disclosures under 5 U.S.C. § 2302(b)(8) and engaged in activity protected under 5 U.S.C. § 2302(b)(9)(C). *Id.* The administrative judge next found that the appellant satisfied the contributing factor criterion through the knowledge/timing test because the proposing official knew of protected disclosures (3) and (10), and both the NODAP and proposed removal occurred within 2 years of those protected disclosures. *Id.*; *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶¶ 18, 21 (2015) (stating that the contributing factor element can be shown if the personnel action occurred within 1 to 2 years after the protected disclosure). On review, the parties do not dispute that the appellant made protected disclosures (3) and (10) under 5 U.S.C. § 2302(b)(8) or that such disclosures were a contributing factor in her removal, and we discern no basis to disturb these findings. PFR File, Tab 1.

¶7    Although not raised by the parties on review, the administrative judge concluded that the appellant failed to meet the knowledge/timing test with respect to protected disclosure (12) and protected activity (9). ID at 61-62. He reasoned that there was no indication that the officials taking the action were aware of the protected disclosure and activity, therefore the appellant failed to establish that they were a contributing factor in her removal. *Id.* However, the knowledge/timing test is not the only way an appellant can establish contributing factor. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). The

Board has held that, if an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, he shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether they had a desire or motive to retaliate against the appellant. *Id.*, ¶ 15. Any weight given to a whistleblowing disclosure, either alone or in combination with other factors, can satisfy the contributing factor standard. *Id.* Because the administrative judge did not address whether the appellant proved contributing factor using the types of evidence set forth in *Dorney,* we modify the initial decision to do so.

¶8      Regarding the strength of the agency's reasons for removing the appellant, as further explained below, we find its reasons to be weak. Regarding whether the protected disclosures and activity was directed at the officials involved in the removal action, the proposing official was named in the appellant's Scientific Integrity Complaint which is the subject of protected activity (9). ID at 27-28. Regarding whether those responsible for the removal had a desire or motive to retaliate against the appellant, the findings in the Scientific Integrity Complaint identified issues that implicate the proposing official's managerial and supervisory capabilities. IAF, Tab 42 at 22-26. As such, the appellant's protected activity is sufficient to establish substantial retaliatory motive. *See Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 33 (2013). However, protected disclosure (12) does not appear to be directed at any individual and the record lacks evidence of a motive to retaliate based on this disclosure. ID at 40-42. Thus, we find the appellant established that her protected activity was a contributing factor in her removal.

¶9      To the extent that the administrative judge did not address the *Dorney* factors, he erred. However, because he properly found the appellant otherwise established contributing factor in the agency's action, any such error was harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282

(1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The agency failed to show by clear and convincing evidence that it would have removed the appellant absent her protected disclosures.

¶10    Because the administrative judge found that the appellant established a prima facie case of whistleblower reprisal, the burden shifted to the agency to establish by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected disclosures. *Pridgen*, 2022 MSPB 31, ¶ 49. Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established; it is a higher standard than the "preponderance of the evidence" standard. *Sutton v. Department of Justice*, 94 M.S.P.R. 4, ¶ 18 (2003), *aff'd*, 97 F. App'x 322 (Fed. Cir. 2004); 5 C.F.R. § 1209.4(e).

¶11    In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected activity, the Board will consider all of the relevant factors, including the following factors ("*Carr* factors"): (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who did not engage in such protected activity, but who are otherwise similarly situated. *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 11; *see also Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The Board does not view the *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather weighs these factors together to determine whether the evidence is clear and convincing as a whole. *Soto*, 2022 MSPB 6, ¶ 13. The Board must consider all the evidence, including evidence that detracts from the conclusion that the agency met its burden.

*Id.*, ¶ 11; *see also Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

¶12    The administrative judge analyzed these factors and concluded that the agency did not have strong evidence that it found "the appellant's performance so deficient that it warranted removal."  ID at 62-68.  On review, the agency challenges this finding and argues that the administrative judge made erroneous findings of material fact and improperly weighed the evidence in his decision, particularly as it pertains to his analysis of the first *Carr* factor.  PFR File, Tab 1 at 11-23.  We are not persuaded.

¶13    In the initial decision, the administrative judge placed the most weight on the first *Carr* factor which he found weighed in the appellant's favor.[5]  ID at 65.  He concluded that the agency did not prove all of the elements of its performance-based removal under chapter 43.  ID at 62-64; *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 15.  Specifically, he found that the agency did not prove that the appellant's performance remained unacceptable after an adequate improvement period.  ID at 64-65; *Lee*, 2022 MSPB 11, ¶ 15.  In so finding, he reasoned that under the higher clear and convincing standard, there is evidence that the appellant's manuscript submitted during the NODAP was acceptable and published with revisions consistent with the usual journal publication process following her return to work.  ID at 64-65.

¶14    The Board has held that an agency need not establish the strength of its reasons under *Carr* factor 1 by any particular quantum of evidence, nor must it prove the elements of its charges by clear and convincing evidence.  *Soto*, 2022 MSPB 6, ¶ 13 & n.4.  Therefore, the administrative judge erred to the extent he required the agency to prove the elements of its chapter 43 removal by clear and convincing evidence.  ID at 64-65.  For the reasons set forth below, however, we find that any such error was not prejudicial.

---

[5] Although the agency rescinded the removal, the administrative judge considered the strength of its reasons for taking the action in his evaluation of *Carr* factor 1.  ID at 62.

¶15    The agency asserts that it had strong evidence in support of its conclusion that the appellant's performance was unacceptable because the appellant's NODAP manuscript was published only after it went through significant edits and added a co-author. PFR File, Tab 1 at 12-23. While the appellant admittedly made revisions to her manuscript before its publication, Hearing Transcript (HT), Day 4 at 29-30, 228, 248, 252, the agency appears to mischaracterize the record evidence to support its argument that her manuscript was deficient, PFR File, Tab 1 at 13. For example, the agency asserts that when the appellant returned to work, she edited the NODAP manuscript before submitting it to her new supervisor who still considered it to be in draft format. *Id.* at 13. The agency characterizes his testimony as though he stated her manuscript was not ready to be sent for publication. However, her supervisor testified that while he thought "there was probably a more elegant way to look at the data," he thought it was fine to send to a journal. HT, Day 3 at 104-05.

¶16    The agency also points to the appellant's testimony and asserts that "[she] explained that the journal sent her 'moderate to major revisions,'" after which she enlisted a co-author who, according to the agency, "contributed to the necessary statistical revisions that she was unable or unwilling to complete." PFR File, Tab 1 at 13-14. It also asserts that "[the manuscript] still contained significant statistical deficiencies and no co-author when [the] [a]ppellant first submitted it to the [j]ournal."[6] *Id.* at 14. Nonetheless, during her testimony, the appellant explained that she made minor edits before submitting it to the journal and in turn the journal sent her moderate revisions in the first round. HT, Day 4 at 27-30, 225-32, 248, 252. She also explained she solicited a co-author to complete a supplemental analysis using a different methodology to confirm her statistical analysis was correct.[7] *Id.* at 228-33. The record lacks evidence to

---

[6] The record lacks evidence that the journal considered the appellant's statistical analysis to be "significantly deficient" as the agency suggests. IAF, Tab 83 at 57-59.

[7] The agency appears to assert that the appellant admitted that her former supervisor advised her to enlist a co-author to conduct such an analysis. PFR File, Tab 1 at 14;

support that the co-author made any statistical revisions as the agency appears to claim. PFR File, Tab 1 at 13-14.

¶17    The agency further argued that the administrative judge erred in "plac[ing] enormous weight on [an] out-of-court, unsworn statement."[8] PFR File, Tab 1 at 15-16. To support its removal action, the agency heavily relied on deficiencies identified in the appellant's NODAP manuscript by the proposing official and an external reviewer.[9] IAF, Tab 35 at 311-14, Tab 36 at 60-74, Tab 41 at 92-103. However, as the administrative judge acknowledged, there is evidence in the record that the appellant's manuscript was acceptable. ID at 64-65. This evidence is not limited to the internal review that the administrative judge explicitly identified in the initial decision. ID at 65. Particularly of note is the external reviewer's feedback, wherein he states, amongst other things, that "[the] paper clearly represents a great deal of careful work and analysis," and "[w]ith some simplification to the figures and discussion the paper is publishable." IAF, Tab 35 at 313-14. This is consistent with the assessment of the internal reviewer finding the manuscript "in great shape." IAF, Tab 35 at 316. Thus, in examining the strength of the evidence in support of the agency's removal action, we find the agency's evidence that the appellant's performance remained deficient after the NODAP period to be weak. Accordingly, we agree with the administrative judge that this factor favors the appellant.

¶18    We next consider the second *Carr* factor, the strength of any motive to retaliate on the part of any agency officials who were involved in the decision in question. We have found that "[t]hose responsible for the agency's performance

---

HT, Day 4 at 251. However, the appellant explains that she wanted to compare the newer analysis to the older analysis that her former supervisor told her to perform. HT, Day 4 at 251.

[8] The agency characterizes the internal review finding the appellant's NODAP manuscript "in great shape" as the "out-of-court, unsworn statement." PFR File, Tab 1 at 15; IAF, Tab 35 at 316-17.

[9] The deciding official testified that the external review had a substantial impact on his removal decision. HT, Day 2 at 184.

overall may well be motivated to retaliate even if they are not directly implicated by the disclosures . . . as the criticism reflects on them in their capacities as managers and employees." *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 65 (quoting *Whitmore*, 680 F.3d at 1370); *Smith v. Department of the Army*, 2022 MSPB 4, ¶¶ 28-29 (same). The administrative judge determined that this factor weighed in favor of the agency, reasoning, amongst other things, that its action to respond to the appellant's protected disclosures did not indicate a motive to retaliate and that the investigation into one of the appellant's complaints did not find specific misconduct by the officials involved in her removal. ID at 65-67.

¶19 Though not disputed by the parties on review, we find the administrative judge took an overly restrictive view of the second *Carr* factor. In particular, he did not address whether the appellant's disclosure reflected on the responsible officials in their capacities as managers and employees, which is sufficient to establish a substantial retaliatory motive even when the disclosure does not directly implicate or harm them. *See Chavez*, 120 M.S.P.R. 285, ¶ 33. However, because we agree with the administrative judge's ultimate disposition of this appeal, we further find that, to the extent he erred in addressing the institutional motive to retaliate, any such error did not prejudice the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶20 Turning to the third *Carr* factor—whether the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated—the administrative judge found that the agency presented evidence that it placed similarly situated non-whistleblowers on a NODAP. ID at 67-68. Thus, he concluded this factor weighed in favor of the agency. *Id.* However, the agency presented no evidence that it removed any similarly situated non-whistleblowers from Federal service.

¶21 The absence of evidence on *Carr* factor 3 can either be neutral or "cut[] slightly against the Government," depending on the circumstances. *Miller v.*

*Department of Justice*, 842 F.3d 1252, 1262 (Fed. Cir. 2016) (citing *Whitmore v. Department of Labor*, 680 F.3d 1353, 1374 (Fed. Cir. 2012)). The agency "is required to come forward with all reasonably pertinent evidence" regarding this factor because it has greater access to such information. *Whitmore*, 680 F.3d at 1374-75. The agency does not have an affirmative burden to produce evidence concerning each and every *Carr* factor, including *Carr* factor 3, but the absence of any evidence relating to *Carr* factor 3 can effectively remove that factor from the analysis, and may well cause the agency to fail to prove its case overall. *Id.* Thus, given the lack of evidence that similarly situated non-whistleblowers were removed, we modify this initial decision to find that *Carr* factor 3 does not weigh in favor of the agency. Nonetheless, considering all of the *Carr* factors, we agree with the administrative judge that the agency failed to meet its burden of proving by clear and convincing evidence that it would have taken the same personnel action absent the appellant's protected disclosures. ID at 68; *Soto*, 2022 MSPB 6, ¶ 11; *see also Whitmore*, 680 F.3d at 1368. We therefore agree with the administrative judge that the appellant proved her affirmative defense of whistleblower retaliation. ID at 68.

The agency's remaining argument provides no basis to disturb the initial decision.

¶22       On review, the agency also argues that the administrative judge inadequately analyzed and improperly weighed relevant evidence and testimony. PFR File, Tab 1 at 16-20. Specifically, it argues that the administrative judge "completely failed to even acknowledge, let alone consider" the deciding official's removal analysis or his testimony. *Id.* The agency also challenges the administrative judge's credibility findings as it relates to its witnesses and the appellant. *Id.* at 20-23. In particular, the agency claims that the administrative judge found its witnesses credible, while finding against the credibility of the appellant, but "gave unfettered credence" to the appellant in concluding that *Carr* factor 1 weighed in her favor. *Id.* at 22-23. However, the record is devoid of evidence that the administrative judge found that the appellant lacked credibility.

¶23    Having considered the agency's arguments on review, which largely constitute mere disagreement with the administrative judge's findings, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987); *see also Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (holding that the Board may overturn credibility determinations only when it has "sufficiently sound" reasons for doing so). The administrative judge's failure to discuss in depth all aspects of the deciding official's analysis and hearing testimony does not mean that he did not consider them and is not a basis to overturn his well-reasoned findings. *See Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

The appellant's cross petition for review is denied.

¶24    In her cross petition for review, the appellant argues that the administrative judge erred in finding that the agency restored her to status quo ante. PFR File, Tab 3 at 20-22. Returning an appellant to the status quo ante means placing her as nearly as possible in the same situation that she would have been in if the action rescinded had never occurred. *Fairley v. U.S. Postal Service*, 63 M.S.P.R. 10, 12 (1994). Status quo ante relief includes cancelling the action; reinstating the appellant to her former position or other substantially equivalent position, as appropriate; back pay; interest on back pay; and other employment benefits that she would have received had the action not occurred. *Samble v. Department of Defense*, 98 M.S.P.R. 502, ¶ 15 (2005). The administrative judge found, and the appellant does not dispute that the agency rescinded her removal, paid her back pay with interest, processed a within-grade-increase, processed Thrift Saving Plan

contributions, removed the removal from her personnel file, and returned the appellant to the performance standards that were in place prior to her removal. ID at 69. Thus, we discern no basis for disturbing this finding.

¶25 Instead, the appellant argues that she has not been restored to status quo ante because her duties differ from those that she held before her removal. PFR File, Tab 3 at 20. Specifically, she reasserts on review that the agency refused to restore her to the committees she previously served on, forbade her from resuming her old duties, and required her to raise her own funding. *Id.* at 21-22; IAF, Tab 109 at 16-18. In finding that the agency effectively restored the appellant to her position as an RGE Scientist with the full range of duties, the administrative judge concluded that the agency restructured the committees the appellant served on before its proposed removal and the old duties to which she referred were collateral duties. *Id*. at 71. He also credited the testimony of her new supervisor that RGE Scientists are required to obtain funding. *Id.* The appellant's assertions on review constitute mere disagreement with the administrative judge's findings, which we find no reason to disturb. *Crosby*, 74 M.S.P.R. 98, 105-06; *Broughton*, 33 M.S.P.R. 357, 359.

The appellant's remaining arguments on review do not provide a basis for reversing the initial decision.

¶26 To the extent that the appellant challenges the administrative judge's findings that disclosures (6), (11), (13), and (14) were not protected, her argument is unpersuasive. PFR File, Tab 3 at 23-24. Her primary concern in this regard is that she would be able to obtain additional damages if the administrative judge did not err in finding these disclosures to be not protected. *Id*. at 24. However, for the reasons explained in the initial decision, we agree with the administrative judge that disclosures (6), (11), (13), and (14) were not protected. ID at 38, 43-44, 47-48.

¶27 We also find unpersuasive the appellant's argument that the administrative judge erred in denying all her witnesses who were not also agency witnesses.

PFR File, Tab 3 at 25-27. An administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony he believes would be irrelevant, immaterial, or unduly repetitious. *Parker v. Department of Veterans Affairs*, 122 M.S.P.R. 353, ¶ 21 (2015). The appellant has not shown the administrative judge abused her discretion in denying her request for certain witnesses or in otherwise controlling the hearing-related proceedings.

¶28 An administrative judge also has broad discretion in ruling on discovery matters, and absent an abuse of discretion, the Board will not find reversible error in such rulings. *E.g.*, *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 16 (2016). The appellant alleges that "[the administrative judge] denied [her] the opportunity to take any discovery in his procedural ruling of February 3, 2022." PFR File, Tab 3 at 27-28. However, the administrative judge did not deny the appellant the opportunity to engage in discovery. Instead, he denied her discovery request because she failed to initiate discovery within the specified time limit. IAF, Tab 31 at 3-7. Thus, she has not shown that the administrative judge abused his considerable discretion in this regard.

¶29 Accordingly, we deny the petition for review and cross petition for review and affirm the initial decision as modified by this Order.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST CONSEQUENTIAL AND/OR
COMPENSATORY DAMAGES**

You may be entitled to be paid by the agency for your consequential damages, including medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential damages. To be paid, you must meet the requirements set out at 5 U.S.C. §§ 1214(g) or 1221(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202 and 1201.204.

In addition, the Whistleblower Protection Enhancement Act of 2012 authorized the award of compensatory damages including interest, reasonable expert witness fees, and costs, 5 U.S.C. § 1214(g)(2), which you may be entitled to receive.

If you believe you are entitled to these damages, you must file a motion for consequential damages and/or compensatory damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE PARTIES**

A copy of the decision will be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D). 5 U.S.C. § 1221(f)(3). Please note that while any Special Counsel investigation related to this decision is pending, "no disciplinary action shall be taken against any employee for any alleged prohibited activity under investigation or for any related activity without the approval of the Special Counsel." 5 U.S.C. § 1214(f).

**NOTICE OF APPEAL RIGHTS**[10]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Jennifer Everling*

FOR THE BOARD:          _____
                        Jennifer Everling
                        Acting Clerk of the Board

Washington, D.C.